UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>100 F Street, N.E.<br>Washington, DC  20549,<br><br>                                                          Plaintiff,<br><br>v.<br><br>BRIAN D. LADIN<br>c/o Franklin B. Velie, Esq.<br>Sullivan & Worcester LLP<br>1290 Avenue of the Americas<br>New York, NY  10104,<br><br>                                                          Defendant,<br><br>and<br><br>BONANZA CAPITAL, LTD.<br>BONANZA MASTER FUND LTD.<br>c/o Caryn G. Schechtman, Esq.<br>Jeffrey B. Coopersmith, Esq.<br>DLA Piper US LLP<br>1251 Avenue of the Americas<br>New York, NY  10020-1104,<br><br>                                                 Relief Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   C.A. No. _____ (___)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") alleges:

## SUMMARY OF ALLEGATIONS

1.      Defendant Brian D. Ladin ("Ladin"), a former analyst for Bonanza Capital, Ltd., the investment adviser for Bonanza Master Fund Ltd. (collectively, "Bonanza"), a $500 million hedge fund, engaged in unlawful trading in connection with Bonanza's investment in a February 2004 private offering of Radyne ComStream Inc. ("Radyne") securities.

2.      After Ladin agreed to keep the offering information confidential, he presented an investment in Radyne to Bonanza that resulted in Bonanza creating a short position in violation of the duty of confidentiality Ladin had assumed as to the offering information. Ladin also, on behalf of Bonanza, signed the stock purchase agreement in which he represented that Bonanza did not hold a short position in Radyne stock, even though he knew, or was reckless or negligent in not knowing, that Bonanza held such a short position. Ladin profited and caused Bonanza to profit as a result of the unlawful conduct described herein.

3.      By engaging in the acts alleged herein, Ladin engaged in, and unless permanently restrained and enjoined by the Court will continue to engage in, transactions, acts, practices and courses of business that violate Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].

4.      The Commission seeks a judgment from the Court: (a) enjoining Ladin from engaging in future violations of the above sections of the federal securities laws; and (b) ordering Ladin and relief defendants Bonanza Capital, Ltd. and Bonanza Master Fund Ltd. to disgorge the ill-gotten gains derived from the unlawful conduct alleged, plus prejudgment interest; and (c) ordering Ladin to pay a civil money penalty pursuant to Sections 21(d)(3) and 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78u-1].

## JURISDICTION

5.  The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)] and Sections 21(d)(1), 21A and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)(1), 78u-1, and 78aa].

6.  Ladin, directly or indirectly, made use of the means or instruments of transportation or communication in interstate commerce, or of the mails, and made use of the means and instrumentalities of interstate commerce, or the facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

## DEFENDANT

7.  **Brian D. Ladin**, age 36, is a resident of Dallas, Texas. He joined Bonanza Capital, Ltd. as an analyst in February 2001, and remained at Bonanza Capital, Ltd. until November 2007.

## RELIEF DEFENDANTS

8.  **Bonanza Capital, Ltd.**, a limited partnership, is headquartered in Dallas, Texas. It serves as the investment adviser for Bonanza Master Fund Ltd. Its general partner is Bonanza Fund Management Inc.

9.  **Bonanza Master Fund Ltd.**, a hedge fund, is a Cayman Islands limited liability exempted company. Bonanza Capital, Ltd. is its investment adviser.

## **STATEMENT OF FACTS**

10. From February 2001 until November 2007, Ladin served as an analyst for Bonanza.

11. The offering at issue was a PIPE (an acronym for "private investment in public equity") and involved the private sale of restricted shares by the Radyne's majority shareholders, Stetsys Ptd. Ltd. and Stetsys US, Inc., rather than the sale of new shares of the issuer.

12. Because PIPEs are unregistered offerings, PIPE investors receive restricted securities when the transaction closes. In order for investors to resell those restricted securities publicly, either they must comply with a valid exemption from registration (i.e., Section 4(1) of the Securities Act) or the issuer must file, and the Commission must declare effective, a resale registration statement, a process that may take 60 to 120 days to complete.

13. PIPE investors therefore must wait a certain period of time before they can publicly trade the securities they received in the PIPE. To compensate investors for this temporary illiquidity, PIPE investors customarily receive the restricted securities at a discount to the then-prevailing market price.

14. When a PIPE is announced publicly, the issuer's stock price typically declines due to, among other factors, the impact of discounted offering share price. Knowledge of the impending public announcement of a PIPE offering is therefore valuable and material non-public information.

15. A reasonable investor would have considered information concerning the offering that is the subject matter of this Complaint – including the date of the offering, the discounted price of the stock, the number of shares, and that fact that the purpose of the offering was to enable Radyne's majority stockholders to liquidate their investment in Radyne – important to his

or her investment decision and a significant alteration of the total mix of information available to the public.

16. In connection with the instant offering, registered broker-dealer Roth Capital Partners, LLC ("Roth") was retained to serve as the placement agent – among other things, it solicited investors and conducted a roadshow.

17. On January 29, 2004, a Roth salesperson called Ladin and informed him that he had information about an offering – information that was material, non-public information. Ladin accepted a duty of confidentiality as to the information and the salesperson disclosed to him the offering details.

18. Despite knowing, or recklessly not knowing, that he therefore could not trade Radyne securities until after the offering was announced, on February 11, 2004, Ladin, on the basis of material, non-public PIPE information, presented an investment in Radyne to Bonanza, resulting in Bonanza establishing a 100,000 share short position in Radyne stock.

19. On February 12, 2004, Ladin, on behalf of Bonanza, signed the stock purchase agreement in which he represented that Bonanza "does not hold a short position, directly or indirectly, in any shares of the Company's common stock," even though he knew, or was reckless or negligent in not knowing, that Bonanza held a short position in Radyne's common stock.

20. The PIPE was publicly announced before the markets opened on February 17, 2004. Radyne's stock price declined following the announcement of the offering.

21. Having received material, non-public information concerning the offering after accepting a duty of confidentiality as to the information, Ladin owed a duty of trust or confidence.

22. By the conduct described above, Ladin breached that duty of trust or confidence and engaged in illegal insider trading.

23. As a result of the conduct described above, both Ladin and Bonanza earned unlawful profits.

### FIRST CLAIM FOR RELIEF
**(Defendant Ladin)**
**Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**
**[15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]**

24. The Commission realleges and reincorporates paragraphs 1 through 23 as if fully set forth herein.

25. Defendant Ladin, directly or indirectly, by use of the means or instrumentalities of interstate commerce or of the mails, or the facilities of a national securities exchange, in connection with the purchase or sale of securities: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

26. By reason of the foregoing, the defendant violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## SECOND CLAIM FOR RELIEF
### (Defendant Ladin)
### Violation of Section 17(a) of the Securities Act
### [15 U.S.C. § 77q(a)]

27. The Commission realleges and reincorporates paragraphs 1 through 26 as if fully set forth herein.

28. Defendant Ladin, directly or indirectly, by use of the means or instruments of transportation or communication in interstate commerce, or of the mails, in the offer or sale of securities: (a) employed devices, schemes, or artifices to defraud; (b) obtained money or property by means of untrue statements of a material fact or omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

29. By reason of his actions alleged herein, the defendant violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## THIRD CLAIM FOR RELIEF
### (Relief Defendants Bonanza Capital, Ltd. and Bonanza Master Fund Ltd.)

30. The Commission realleges and reincorporates paragraphs 1 through 29 as if fully set forth herein.

31. In the manner described above, relief defendants Bonanza Capital, Ltd. and Bonanza Master Fund Ltd. were unjustly enriched as a result of Ladin's conduct in that such conduct caused Bonanza Capital, Ltd. and Bonanza Master Fund Ltd. to receive ill-gotten gains to which they have no legitimate claim.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court enter a judgment:

### I.

Enjoining permanently defendant Brian D. Ladin from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)];

### II.

Ordering defendant Brian D. Ladin and relief defendants Bonanza Capital, Ltd. and Bonanza Master Fund Ltd. to disgorge ill-gotten gains derived from Ladin's unlawful conduct alleged herein, plus prejudgment interest;

### III.

Ordering defendant Brian D. Ladin to pay a civil monetary penalty pursuant to Sections 21(d)(3) and 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78u-1]; and

### IV.

Granting such other relief as this Court may deem just and proper.

Dated: October 20, 2008

Respectfully submitted,

/s/
Scott W. Friestad
Robert B. Kaplan
Julie M. Riewe (D.C Bar No. 472470)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC  20549-6041
Telephone: (202) 551-4969 (Kaplan)
Facsimile:  (202) 772-9333 (fax) (Kaplan)
Electronic Mail:  kaplanr@sec.gov